STATE OF MAINE

KENNEBEC, ss.

PAULA PAPSIS,

        Plaintiff

    v.

EDWARD PAPSIS,

        Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-25

SKS - KEN-1/12/2001

DECISION ON APPEAL

This matter comes on for hearing before the court on appeal from the District Court. Although the case continues to carry the caption of the underlying divorce action, the appeal is actually by the defendant's attorney, Charles Reeves, Esq., from an order of the District Court imposing sanctions against Mr. Reeves.

## Background

On September 23, 1999, a hearing was scheduled in the Waterville District Court on motions pending in the underlying action. The plaintiff appeared with her attorney and the defendant appeared. However, the defendant's attorney, Mr. Reeves, did not appear. At a later hearing, Mr. Reeves took the position that he represented the defendant only on an earlier motion for contempt and not the motion that was pending on September 23.

Because of Mr. Reeve's absence and the court's concern that his client could end up in jail if the motion for contempt were to proceed on that day, the matter was continued. The court's order of continuance also stated, "Because the court had

1

to continue the hearing, waste court time, attorney Perrino's time, and the litigant's time, it is ordered that Mr. Reeves reimburse Mr. Perrino for attorney's fees and mileage within 14 days after receipt of Mr. Perrino's affidavit for counsel fees, unless Mr. Reeves files opposition and requests a hearing."

Mr. Reeves did request a hearing, which was conducted on November 18, 1999. Following the hearing, the District Court entered its order on sanctions dated January 3, 2000, which confirmed the original sanctions and set the amount of the attorney's fees at $675 plus $16 for mileage. Mr. Reeves is appealing from this order.

## Discussion

Although not specifically stated in either order, it is clear that the District Court treated the need for sanctions against Mr. Reeves as punitive contempt sanctions being pursued in a summary proceeding pursuant to M.R. Civ. P. 66(b). The contempt was Mr. Reeves' failure to appear in court after notice of the hearing and, perhaps more importantly, Mr. Reeves' failure to notify the court in any fashion that he would not be at the hearing or that he did not consider he was representing Mr. Papsis on that particular motion. Since the contempt was Mr. Reeves' absence from the courtroom at the time of the scheduled hearing, it obviously occurred in the presence of the judge. The judge's order of September 29, 1999, acted as a certification of that fact, and also specified the conduct constituting the contempt and the sanction imposed. Although it was not necessary under Rule 66, the court then gave Mr. Reeves an opportunity to object to the sanction and request a hearing, which he did. In summary, the District Court substantially

2

complied with Rule 66 and Mr. Reeves was afforded every process to which he was due.

Mr. Reeves argues that the District Court abused its discretion in finding him in contempt and in ordering that he pay the attorney's fees of Mrs. Papsis's attorney for his appearance at the September 23, 1999 hearing. This court does not agree. Mr. Reeves stated, "More importantly, the lower court abused its discretion by assuming without evidence that my failure to attend the hearing was improperly motivated." This misstates the District Court's decision, which had nothing to do with Mr. Reeves motivation. Simply stated, the District Court found that Mr. Reeves was the attorney of record for Mr. Papsis, that Mr. Reeves had notice of the hearing, that Mr. Reeves failed to appear at the hearing, and that Mr. Reeves failed to notify either the court or opposing counsel that he would not be attending the hearing, regardless of whether his absence was justified. The appellant does not appear to contradict these facts and based on the facts the court's decision to impose sanctions was not an abuse of discretion.

Nor was the amount of the sanctions an abuse of discretion. The sanctions were not only to impress upon Mr. Reeves the error of his ways, but also to reimburse Mrs. Papsis at least partially for the waste of time she and her attorney endured. The court reviewed her attorney's fees and reduced the amount set forth in the affidavit to the amount finally ordered. This was not an abuse of discretion.

For the reasons stated, the entry will be:

Appeal DENIED.

Dated: April 13, 2001

S. Kirk Studstrup
Justice, Superior Court

4

Date Filed ___4/28/00___ ___Kennebec___ Docket No. ___AP00-25___
County

Action ___Appeal from District Court___
Divorce

Paula Papsis                                VS.  Edward Papsis

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~Thomas Nale Esq~~ ~~PO Box 633~~ ~~Waterville Maine 04901~~ | ~~Robert Sandy Jr. Esq~~ ~~PO Box 499~~ ~~Waterville Maine 04901~~ |
| P.J. PERRINO ESQ PO BOX 49 AUGUSTA MAINE  04330 | CHARLES REEVES ESQ 179 MAINE ST SUITE 402 WATERVILLE MAINE  04901 |

| Date of Entry | |
|---|---|
| 4/28/00 | Attested Copy of docket sheets and copy of trial proceedings from Northern Kennebec District Court (District Court reconstruction case) |
| 6/12/00 | Appeal from Northern Kennebec Distict Court with all papers, filed. (File was misplaced. Case sent to us from District Court on 3/10/00 per docket sheet entry.) |
| 6/12/00 | Notice of briefing schedule mailed to attys of record. |
| 7/21/00 | Brief of the Appellant, filed. s/Reeves, Esq. |
| 4/5/01 | Hearing had on Oral arguments on 4/3/01 with Hon  Justice John Atwood, presiding  Kim McCulloch, CR No clerk present. |
| 4/13/01 | DECISION ON APPEAL, Studstrup, J. Appeal DENIED. Copies mailed to attys. of record. Copies mailed to Deborah Firestone, Donald Goss and Garbrecht Law Library. |